## JOHN LARSON v. JENNIE LARSON.[1]

November 19, 1920.

No. 21,812.

**Divorce—alimony.**

Action in 1917 for divorce. Finding that plaintiff without cause deserted his wife in February, 1900, and that for a number of years prior to his desertion plaintiff was in a state of habitual drunkenness. *Held*:

(1) Proof of drunkenness prior to 1900 was wholly immaterial, and so was the finding based thereon which should not have been inserted. Drunkenness must exist one year immediately prior to the bringing of the suit.

(2) There was no evidence that plaintiff, a man of 68, had any property whatever, and the award of $30 monthly alimony must be stricken from the judgment. [Reporter.]

Action in the district court for Blue Earth county for divorce. The answer prayed for dissolution of the marriage relation; for temporary and permanent alimony; advance attorney's fees and costs. The case was tried before Comstock, J., who made findings and granted defendant absolute divorce with an allowance of $30 per month as alimony, and attorney's fees. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Remanded and modified.

*C. J. Laurisch*, for appellant.

*William Stradtman*, for respondent.

PER CURIAM.

Plaintiff appeals from a judgment granting defendant a divorce with permanent alimony.

This action was begun in December, 1917. Defendant alleged, and the court found, that plaintiff wilfully and without cause deserted her in February, 1900. The court also found "that for a number of years prior to said desertion the plaintiff was in a state of habitual drunkenness," and "that the plaintiff is the owner of property of the value of fifteen thousand dollars ($15,000)." It appears that plaintiff moved to strike out the first finding

[1] Reported in 179 N. W. 723.

as immaterial and the second because there was no support for it in the evidence. The record does not show what disposition was made of the motion, but evidently it was denied or not acted on, for upon the same findings are predicated the assignments of error in this court. We think they are well taken. Proof of drunkenness prior to 1900 was wholly immaterial and so was the finding based thereon and should not have been inserted. Drunkenness as a cause for divorce must exist for one year immediately prior to the bringing of the suit.

No testimony was given as to the property or earning capacity of plaintiff, except as elicited from him on cross-examination. He is 68 years old and was hurt some years ago, so that he limps in walking. He testified that he was living with a brother doing chores for his board, but receiving no other wages; that he had no money or property of any nature whatsoever. He admitted that about two years before the trial a brother died who owned 160 acres of land and who left no wife or child, but said he never got anything from the estate, did not know who owned the land, or whether there was anything left after paying the debts and expenses of his last illness. Even if this land was undisposed of by deed or will, there is nothing to indicate its value, or what part would be coming to plaintiff, for he has other brothers and sisters. There is no evidence to sustain the finding that plaintiff was the owner of any property whatever. With that finding eliminated, there is nothing to sustain the judgment awarding permanent alimony. There is no evidence warranting a finding that this old man had any earning capacity beyond what was absolutely necessary for his own sustenance, and that would be far short of $90 a month. The $30 monthly alimony must therefore be stricken from the judgment. Costs, including the attorney's fees awarded, are discretionary and cannot be disturbed.

The cause is remanded with direction to modify the judgment as above indicated.